J-S39034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUAN CASITO MUNOZ, | : | |
| | : | |
| Appellant | : | No.  1659 MDA 2015 |

Appeal from the PCRA Order August 27, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0004356-2013
CP-36-CR-0004613-2012

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED JUNE 02, 2016**

Juan Casito Munoz (Appellant) appeals from an order which denied his
petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.
§§ 9541-9546.    In addition, Appellant's counsel seeks to withdraw his
representation of Appellant pursuant to ***Commonwealth v. Turner***, 544
A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.
Super. 1988) (*en banc*).  We affirm the order and grant counsel's application
to withdraw.

The PCRA Court summarized the factual and procedural history of this
case as follows.

On November 28, 2012, the District Attorney of Lancaster
County filed an information docketed to No. 4613 of 2012
charging [Appellant] with one count of possession with intent to
deliver cocaine, one count of possession of a controlled
substance and the summary offenses of driving with a

*Retired Senior Judges assigned to the Superior Court.

suspended license and no rear lights. These charges resulted from a traffic stop of [Appellant's] vehicle by Pennsylvania State Police on July 9, 2012, in Lancaster City. The passenger in [Appellant's] vehicle, the subject of an active arrest warrant, was taken into custody and found to be in possession of 84 small plastic baggies. [Appellant] consented to the search of his vehicle and was found to be in possession of a bag of cocaine and a bag of cutting agent.

On October 10, 2013, [the Commonwealth] filed a second information docketed to No. 4356 of 2013 charging [Appellant] with possession with intent to deliver cocaine, persons not to possess firearms, receiving stolen property, and possession of drug paraphernalia. These charges were the result of the search of [Appellant's] residence in Lancaster City on September 5, 2013, pursuant to a search warrant. Police recovered 30 grams of cocaine, a stolen Smith and Wesson .40 caliber handgun, 3 boxes of clear sandwich bags, scissors, plastic cards with cocaine residue, a digital scale, two bottles of cutting agent and approximately $3,222.

On January 17, 2014, [Appellant,] represented by [privately-retained counsel, Hobie Crystle, Esquire], appeared before the court and entered a straight or open plea of guilty to the offenses charged on both dockets. After a written and oral colloquy, the court accepted [Appellant's] guilty pleas and deferred sentencing pending a pre-sentence investigation. On May 29, 2014, [Appellant] was sentenced to an aggregate term of 7½ to 15 years [of] incarceration.

[Appellant] did not file a post[-]sentence motion or direct appeal.

On or about January 16, 2015, [Appellant] filed a *pro se* [PCRA petition]. Counsel was appointed to represent him, and on April 13, 2015, an amended petition was filed. On April 22, 2015, a second amended petition was filed. On July 6, 2015, a third amended petition was filed.

On August 27, 2015, a hearing was held on the third amended petition. The sole issue at the hearing was [Appellant's] allegation that his attorney failed to file a direct appeal after being requested to do so.

- 2 -

\*\*\*

> After considering the testimony presented and the arguments of counsel, the [PCRA court] dismissed the third amended petition on the ground that [Appellant] had failed to present credible evidence to establish that he requested his attorney to file an appeal on his behalf.

PCRA Court Opinion, 11/20/2015, at 1-5 (footnotes and unnecessary capitalization omitted).

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Thereafter, PCRA counsel sought from this Court leave to withdraw his representation of Appellant pursuant to **Turner** and **Finley**. On February 29, 2016, Appellant filed *pro se* a response to counsel's petition to withdraw.[1]

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.[2]

> … **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the

---

[1] The Commonwealth has elected not to file a brief in this case.

[2] We are cognizant that counsel has submitted a brief on appeal more akin to a brief in compliance with **Anders v. California**, 386 U.S. 738 (1967), the method by which **direct appeal** counsel seeks to withdraw from representation. As counsel is representing Appellant in the context of the PCRA, the procedural requirements set forth in **Turner**/**Finley** govern withdrawal by counsel. However, this Court has held that an **Anders** brief which complies substantially with the requirements of **Turner**/**Finley** is sufficient to allow withdrawal. **Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008).

nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of *Turner* and *Finley*. Therefore, we will consider the substantive issue contained in counsel's brief.

Appellant presents the issue of "[w]hether the [PCRA] court erred when it denied post-conviction relief on Appellant's claim that trial counsel

- 4 -

was ineffective in failing to file a direct appeal at the request of his client?" **Turner**/**Finley** Brief at 2.

"[T]his Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Additionally,

> [o]ur standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant.
>
> * * *
>
> A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.
>
> Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. **Commonwealth v. Lantzy***,* 558 Pa. 214, 226–27, 736 A.2d 564, 572 (1999). However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and

- 5 -

the counsel disregarded the request. ***Commonwealth v. Bath***, 907 A.2d 619 (Pa. Super. 2006).

***Commonwealth v. Ousley***, 21 A.3d 1238, 1244-45 (Pa. Super. 2011) (some citations omitted).

The PCRA court reached the following conclusions.

[Appellant's] claim that he asked his attorney to file an appeal rests entirely on his own self-serving testimony. [Appellant's] appeal rights were explained to him by the [trial court] at the time of sentencing and [Appellant] stated he understood these rights. The following day, [Attorney Crystle] went to the prison to discuss the case. Whether [Appellant] simply refused the visit, or prison authorities deemed it refused because [Appellant] was not dressed on time, does not alter the fact that his attorney was there to see him. On June 2, 2014, [Attorney Crystle] wrote to [Appellant] and told him twice of the time frame for filing a post[-]sentence motion and a notice of appeal. [Appellant] testified that he spoke to [Attorney Crystle's] secretary regarding his request for an appeal, a conversation overheard by family members, and that his wife also contacted [Attorney Crystle's] office. There is nothing in the record to indicate [Appellant's] wife and family members were not favorably disposed toward him, yet he failed to secure their testimony to corroborate his version of these events.

Having evaluated all of the pertinent factors, [the PCRA court] concluded that [Appellant's] testimony was not credible. While [Attorney Crystle] could not recall any message or communications from [Appellant] or his wife after sentencing, this does not make [Appellant's] testimony any more credible.

PCRA Court Opinion, 11/20/2015, at 8-9 (citations omitted).

We agree with PCRA counsel that Appellant's issue is without merit because the "basis for the denial was that the [PCRA court] found [] Appellant's testimony not credible." ***Turner***/***Finley*** Brief at 3. Furthermore,

PCRA counsel points out that "it does not appear that [Appellant] ever actually requested his attorney to appeal." *Id*. at 4.

Both the conclusions of the PCRA court and counsel are supported by the record. Appellant acknowledged that Attorney Crystle did go to the jail to see Appellant the day after sentencing, but stated that prison officials "didn't permit [Appellant] to go see [Attorney Crystle]" because Appellant was not "dressed on time to go see Attorney Crystle and [Appellant] didn't come out of [his] cell on time[.]" *Id*. at 8. Thus, Appellant claims that prison officials told Attorney Crystle that Appellant refused to see him. Appellant then testified that he received a letter from Attorney Crystle, dated June 2, 2014, telling him that if he wished to file an appeal, he should retain a public defender to do so. According to Appellant, he took no further steps to pursue an appeal after he received the letter because he "didn't have no paperwork." *Id*. at 10. However, he also testified that he had his wife call Attorney Crystle. *Id*. at 12.

Attorney Crystle testified that he went to visit Appellant in jail because he recognized that Appellant was "very upset" with his sentence. *Id*. at 21. Attorney Crystle stated that had Appellant informed him of his wish to file a direct appeal, he would have filed a notice of appeal and notified the public defender, which is his common practice. *Id*. at 28.

Based on the foregoing, we agree with counsel that the issue Appellant raises in this appeal is meritless.[3] The record supports the PCRA court's finding that Appellant did not request that Attorney Crystle file a direct

---

[3] In his *pro se* response to counsel's **Turner**/**Finley** brief, Appellant expresses, *inter alia*, his displeasure with PCRA counsel's representation. Appellant's Response at 1. "Claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). Instead, such claims must be raised either immediately before the PCRA court or in a serial petition. **Id.** Accordingly, we find Appellant's new ineffectiveness claim non-cognizable.

Additionally, Appellant claims that "[o]n October 13, 2015, the Pennsylvania Supreme Court issue[d] a NOTICE TO APPOINTED COUNSEL regarding counsel abandoned the client (EXHIBIT "A"), and I request that this Honorable Superior Court to transfer this entire matter to be referred to the Pennsylvania Supreme Court for disposition." *Pro Se* Response, 2/29/2016 (*verbatim*). Exhibit A reads *verbatim* as follows:

*NOTICE*
*TO*
*APPOINTED COUNCEL*

*The Supreme Court is receiving petitions from criminal defendants alleging that appointed counsel failed to pursue available avenues of appellate review. Effective immediately, in reviewing such petitions the Court will advise the attorney of the allegation and request a response. If the Court concluded that councel abandoned the client in violation of the rules and case law, the matter will automatically be referred to the Disciplinary Board of the Supreme Court for consideration. See Pa.R.Crim.P 122(c)(3) and 904(E) and comments thereto.*

*PROTHONOTARY*
*SUPREME COURT OF PENNSYLVANIA*

There is no docket number associated with this exhibit, and it is impossible to confirm its authenticity. However, we note that "councel" is twice spelled incorrectly, a mistake which certainly points to its inauthenticity. Accordingly, Appellant's request for transfer of this case to the Supreme Court is denied.

appeal, therefore counsel could not be ineffective for failing to do so. See

***Commonwealth v. Santiago***, 855 A.2d 682, 695 (Pa. 2004) ("We will not

disturb the credibility determination of the PCRA court.").

Accordingly, the PCRA court did not abuse its discretion in denying

Appellant's petition. Therefore, we grant counsel's petition to withdraw, and

affirm the PCRA court's August 27, 2015 order.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2016